# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER HOFFMAN, ROBERT E. BAILEY, ELISHA BOYD, NICHOLAS BUTLER, DAVID CARTIER, SHARON COOGAN, ANTHONY FERREIRA, EDWARD HERRMANN, RONALD W. KLEIN, TED KRAM, JESSE B. LAW, III, PATRICIA J. LAW, HAROLD LAWRY, III, MARK LEITH, DONALD MACFARLAND, TIMOTHY MAVRO, JAMES MOREIS, JR., ROBERT OLCOTT, PATRICIA SPRING, MATTHEW WILKINS, AND ROBERT GOULART,<br><br>*Plaintiffs,*<br><br>v.<br><br>RALPH M. PACKER and R. M. PACKER, COMPANY, INC.,<br><br>*Defendants.* | CIVIL ACTION NO. _____ |

## **COMPLAINT**

Plaintiffs Peter Hoffman, Robert E. Bailey, Elisha Boyd, Nicholas Butler, David Cartier, Sharon Coogan, Anthony Ferreira, Edward Herrmann, Ronald W. Klein, Ted Kram, Jesse B. Law, III, Patricia J. Law, Harold Lawry, III, Mark Leith, Donald MacFarland, Timothy Mavro, James Moreis, Jr., Robert Olcott, Patricia Spring, Matthew Wilkins, and Robert Goulart (hereafter collectively referred to as "Plaintiffs") file this complaint under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et. seq.* (as amended) ("ERISA") against Defendant R.M. Packer Co., Inc. ("RMP Co." or the "Company") and CEO Ralph M. Packer ("Packer")(collectively, "Defendants") seeking retirement benefits due under an ERISA

{13231/A0428306.1}

governed retirement plan and any and all losses caused by the Defendants' breaches of fiduciary duty. Plaintiffs believe that substantial additional evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery. The grounds for the complaint are as follows:

## INTRODUCTION

1.     Plaintiffs are participants entitled to retirement benefits under an ERISA governed retirement plan provided by Defendant RMP Co. (hereinafter the "Plan") and seek relief under ERISA concerning the operation and administration of the Plan.

2.     During Plaintiffs' employment with Defendant RMP Co., the Plan has been, and is currently, governed by ERISA regulations. ERISA specifically defines an "employee pension benefit plan" and "pension plan" to mean "any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that by its express terms or as a result of surrounding circumstances such plan, fund, or program – provides retirement income to employees." 29 U.S.C. § 1002(2)(A).

3.     Defendant RMP Co. expressly offers retirement income to its employees through the Plan. The Plan is offered to RMP Co.'s employees through the below provision in the Company's Employee Handbook:

> **RETIREMENT BENEFITS**
>
> The Packer Co. pays ten percent of each employee's gross wages into a retirement fund. There are two funds being used in the retirement plan. The Pruflex Fund a guaranteed fund which was offered to employees hired prior to July 1987 and a new one which was available to employees hired after July 1987 the VIP Plan. The VIP plan has seven investment vehicles any or all of which can be chosen by the employee. All employees that have the Pruflex Plan can opt to change over to the VIP.

4.     ERISA imposes strict duties of loyalty and prudence upon plan fiduciaries to safeguard against financial incentives for disloyalty and imprudence to Plan participants. 29 U.S.C. §1104(a)(1). These fiduciary duties are "the highest known to the law." *Howard v. Shay*, 100 F.3d 1484, 1488 (9th Cir. 1996) (citation omitted). Plan fiduciaries must act "solely in the interest of the participants and beneficiaries," which requires them to perform with undivided loyalty, act prudently, and defray reasonable plan expenses. 29 U.S.C. §1104(a)(1).

5.     Here, Defendants did not consider or act in the best interest of the Plan and Plaintiffs. Defendants did not follow the express terms of the above Employee Handbook "Retirement Benefits" provision and instead, treated the Plan as an opportunity to evade their ERISA responsibilities and reward favored employees.

6.     Defendants did not fund Plaintiffs' retirement benefits offered in the Plan in the form, amount, timing and manner as specified in the Company Employee Handbook. Defendants, at best, sporadically and irregularly funded the Plan without regard for the rules and regulations of ERISA or the promises the Company makes to its employees in its Employee Handbook.

7.     Plaintiffs, therefore, seek an order that the Plan is subject to ERISA, that the Defendants have failed to fund the Plan or pay the retirement benefits as set out in the Plan, that the Defendants are liable pursuant to ERISA § 502(a)(1) for the unpaid benefits, and that the Defendants are liable under ERISA § 502(a)(2) for breach of fiduciary duty in failing to fund Plaintiffs' retirement benefits owed to Plaintiffs under the terms of the Plan.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331 because this action is brought under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA").

9. Venue is proper in this district pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Plan is administered in this district, some or all of the violations of ERISA took place in this district and all Defendants may be found in this district.

10. Venue is also proper in this district pursuant to 28 U.S.C. § 1391 because Defendants systematically and continuously do business in this district, and a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this district.

11. Personal jurisdiction over Defendants exists because current and former employees who are participants in the Plan are Massachusetts residents who have been deprived of their rights under ERISA due to Defendants' actions.

12. Personal jurisdiction over Defendants further lies under 29 U.S.C. § 1132(e)(2), which provides that "process may be served in any other district where a defendant resides or may be found." Each Defendant may be found here in this district.

## PLAINTIFFS

13. Plaintiff Peter Hoffman is a resident of West Tisbury, Massachusetts and has been a Plan participant as an employee of Defendant RMP Co.

14. Plaintiff Robert E. Bailey is a resident of Vineyard Haven, Massachusetts and has been a Plan participant as an employee of Defendant RMP Co.

15. Plaintiff Elisha Boyd is a resident of Vineyard Haven, Massachusetts and has been a Plan participant as an employee of Defendant RMP Co.

16. Plaintiff Nicholas Butler is a resident of Jonesborough, Tennessee and has been a Plan participant as an employee of Defendant RMP Co.

17. Plaintiff David Cartier is a resident of Edgartown, Massachusetts and has been a Plan participant as an employee of Defendant RMP Co.

18. Plaintiff Sharon Coogan is a resident of Oak Bluffs, Massachusetts and has been a Plan participant as an employee of Defendant RMP Co.

19. Plaintiff Anthony Ferreira is a resident of Oak Bluffs, Massachusetts and has been a Plan participant as an employee of Defendant RMP Co.

20. Plaintiff Edward Herrmann is a resident of Edgartown, Massachusetts and has been a Plan participant as an employee of Defendant RMP Co.

21. Plaintiff Ronald W. Klein is a resident of Vineyard Haven, Massachusetts and has been a Plan participant as an employee of Defendant RMP Co.

22. Plaintiff Ted Kram is a resident of West Tisbury, Massachusetts and has been a Plan participant as an employee of Defendant RMP Co.

23. Plaintiff Jesse B. Law, III is a resident of Oak Bluffs, Massachusetts and has been a Plan participant as an employee of Defendant RMP Co.

24. Plaintiff Patricia J. Law is a resident of Oak Bluffs, Massachusetts and has been a Plan participant as an employee of Defendant RMP Co.

25. Plaintiff Harold Lawry, III is a resident of Vineyard Haven, Massachusetts and has been a Plan participant as an employee of Defendant RMP Co.

26. Plaintiff Mark Leith is a resident of Oak Bluffs, Massachusetts and has been a Plan participant as an employee of Defendant RMP Co.

27.     Plaintiff Donald MacFarland is a resident of Vineyard Haven, Massachusetts and has been a Plan participant as an employee of Defendant RMP Co.

28.     Plaintiff Timothy Mavro is a resident of Oak Bluffs, Massachusetts and has been a Plan participant as an employee of Defendant RMP Co.

29.     Plaintiff James Moreis, Jr. is a resident of Vineyard Haven, Massachusetts and has been a Plan participant as an employee of Defendant RMP Co.

30.     Plaintiff Robert Olcott is a resident of Vineyard Haven, Massachusetts and has been a Plan participant as an employee of Defendant RMP Co.

31.     Plaintiff Patricia Spring is a resident of Vineyard Haven, Massachusetts and has been a Plan participant as an employee of Defendant RMP Co.

32.     Plaintiff Matthew Wilkins is a resident of Argyle, New York and has been a Plan participant as an employee of Defendant RMP Co.

33.     Plaintiff Robert Goulart is a resident of Plympton, Massachusetts and has been a Plan participant as an employee of Defendant RMP Co.

34.     Plaintiffs are all current and/or former employees of Defendant RMP Co. Plaintiffs are all Plan participants because they are eligible for retirement benefits under the terms of the Plan.

**DEFENDANTS**

35.     Defendant RMP Co. is a Massachusetts corporation with its principal place of business in Vineyard Haven, Massachusetts. Defendant RMP Co. operates a home heating company and touts itself as Martha's Vineyard "premier" home heating company since 1930.

36.     Defendant Packer is a resident of Tisbury, Massachusetts and is the CEO, CFO, and President of Defendant RMP Co. At all times, Defendant Packer was entrusted with the

power to make the Company's rules and regulations concerning the Plan and/or any other retirement benefits provided to RMP Co.'s employees. Defendant Packer, likewise, maintained discretionary authority to control, manage, and administer the Plan's investment options, funding for the Plan, and employee eligibility for the Plan's benefits.

37. Defendant Packer is, and was, actively involved in the operation and administration of Plan. Defendant Packer, however, administered and operated the Plan without regard for ERISA rules and regulations or his fiduciary responsibilities.

38. Defendants are fiduciaries of the Plan under ERISA. As fiduciaries, Defendants were required by ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), to manage and administer the Plan and its investments solely in the interest of the participants and beneficiaries of the Plan; and to manage and administer the Plan and its investments with the care, skill, prudence, and diligence a prudent person, acting in a like capacity and familiar with such matters, would use in the conduct of an enterprise of a like character and with like aims as that of the Plan at issue.

39. Defendants were also required, as fiduciaries, to manage and administer the Plan consistent with both the terms of its controlling document as well as the terms of ERISA statutory and regulatory law. Defendants failed to meet these obligations.

**FACTS**

**I.    The Plan's Promised Retirement Benefits**

40. Defendants provide Company employees, including Plaintiffs, with an Employee Handbook which encompasses provisions regarding employment expectations including, but not limited to, work schedules, work absences, accrual of vacation time, review of compensation, benefits and the respective duties for each of the various job classifications within the company.

41. One particular section of Defendants' Employee Handbook is entitled "Retirement Benefits." The "Retirement Benefits" section is reproduced below:

**RETIREMENT BENEFITS**

The Packer Co. pays ten percent of each employee's gross wages into a retirement fund. There are two funds being used in the retirement plan. The Pruflex Fund a guaranteed fund which was offered to employees hired prior to July 1987 and a new one which was available to employees hired after July 1987 the VIP plan. The VIP plan has seven investment vehicles any or all of which can be chosen by the employee. All employees that have the Pruflex plan can opt to change over to the VIP.

42. The Employee Handbook is provided to all employees who work for the Company. Plaintiffs and other employees of Defendant RMP Co. work in accordance with the terms of the Employee Handbook. This includes the expectation they will receive retirement income pursuant to this provision of the Employee Handbook.

43. ERISA defines an "employee pension benefit plan" and "pension plan" to mean "any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that by its express terms or as a result of surrounding circumstances such plan, fund, or program – provides retirement income to employees." 29 U.S.C. § 1002(2)(A).

44. Additionally, U.S.C. § 1002(34) defines an "individual account plan" as: "a pension plan which provides for an individual account for each participant and for benefits based solely upon the amount contributed to the participant's account, and any income, expenses, gains and losses, and any forfeitures of accounts of other participants which may be allocated to such participant's account."

45. ERISA applies to any employee benefit plan if "it is established or maintained – (1) by any employer engaged in commerce or in any industry or activity affecting commerce." 29 U.S.C. §1003(a)(1).

46. Under these provisions, therefore, and others within ERISA, the Plan memorialized in the Retirement Benefits section of the Employee Handbook constitutes an ERISA governed retirement plan.

47. Because the Plan is and was subject to ERISA, Defendants were required to discharge their administration and operation of the Plan in compliance with ERISA's fiduciary obligations. Defendants failed to do so and did not take any steps to comply with the basic disclosure requirements of ERISA and the Department of Labor ("DOL"), including, but not limited to, providing Plaintiffs with a summary plan description, written Plan document, benefit statements, summary annual reports, and filing Form 5500's with the DOL. *See* 29 U.S.C. §1025; 29 CFR § 2520.102-3.

48. Defendants' evaded these basic disclosure requirements although they exercised administrative and discretionary powers over the Plan to facilitate disbursements of retirement benefits. Defendants, for example, (i) opened, managed and operated individual retirement accounts for Plaintiffs and other employees of the Company with Prudential Financial; (ii) advised Company employees that they would receive retirement benefits in accordance with the terms of the Plan and (iii) sporadically paid portions of the retirement benefits required by the Plan.

49. Under the terms of the Plan, the retirement benefits promised to Plaintiffs and Defendants' employees Plan require regular contributions to the respective retirement funds at issue as well as regular distributions. Such provision of benefits required an administrative process in accord with the Plan in which Defendants opened retirement accounts for individual employees, calculated the amount of requisite contributions and deposited such requisite contributions into the respective retirement accounts.

50. No such process existed. At best, on an erratic and piecemeal basis, Defendants made contributions to certain employees accounts with Prudential Financial. Defendant Packer, without any objective process, procedure, or formula personally decided, whether to fund Plaintiffs' accounts and, if so, when contributions were to be made to employees' respective retirement accounts.

51. Furthermore, in response to requests from certain employees for the missing contributions in their respective retirement funds, Defendant Packer personally decided to only authorize contributions to the retirement funds of particular employees. Defendant Packer did not, and has not, authorized contributions in accordance with the terms of the Plan in providing full retirements benefits to Plaintiffs.

52. Defendant Packer has lulled employees into believing he would fund their retirement benefits in accordance with the terms of the Plan. Defendant Packer – as well as other agents of Defendants – have specifically informed Plaintiffs that any missed contributions would be caught up and funded later by Defendants and that the full value of the retirement benefits would be funded and paid to the employees. Plaintiffs relied on the representations of Defendant Packer – as well as other agents of Defendants – to their detriment.

53. As of the date of this complaint, Defendants have not funded Plaintiffs promised retirement benefits.

## II. Defendants' Breaches Of Fiduciary Duty

54. Under ERISA, a person who (i) asserts discretionary authority or control over the management of the plan, (ii) authority of control over plan assets, or (iii) any discretionary authority or control over plan administration is a fiduciary. 29 U.S.C. §1002 (21)(A). Defendant Packer, therefore, is a fiduciary of the Plan due to his actions alleged above. Defendant RMP Co. is also a fiduciary of the Plan for purposes of ERISA. Acting through its officers, including

Defendant Packer, Defendant RMP Co. has asserted control over, administered and managed the Plan as alleged above, rendering it a fiduciary for purposes of ERISA.

55. Further, as the employer and plan sponsor, Defendant RMP Co. is the named fiduciary of the Plan for purposes of ERISA

56. ERISA imposes strict fiduciary duties of loyalty and prudence upon Defendants as fiduciaries of the Plan. According to the DOL, the "primary responsibility of fiduciaries is to run the plan solely in the interest of participants and beneficiaries and for the exclusive purpose of providing benefits and paying plan expenses."

57. ERISA §404(a)(1) states, in relevant part, that: [A] fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and –

    (A)    for the exclusive purpose of:

        (i)    providing benefits to participants and their beneficiaries; and

        (ii)    defraying reasonable expenses of administering the plan.

29 U.S.C. §1104(a)(1).

58. The duty of loyalty requires fiduciaries to act with an "eye single" to the interests of plan participants. *Pegram v. Herdrich*, 530 U.S. 211, 235 (2000). "Perhaps the most fundamental duty of a [fiduciary] is that he [or she] must display . . . complete loyalty to the interests of the beneficiary and must exclude all selfish interest and all consideration of the interests of third persons." *Id*. at 224.

59. In addition to a duty of loyalty imposed on Plan fiduciaries, ERISA also imposes a duty of prudence. The duty of prudence "'imposes a "prudent person" standard by which to measure fiduciaries' investment decisions and disposition of assets.'" *Fifth Third Bancorp v. Dudenhoeffer*, __ U.S. __, 134 S. Ct. 2459, 2467 (2014) (citation omitted). This means that

ERISA fiduciaries must discharge their responsibilities "with the care, skill, prudence, and diligence" that a prudent person "acting in a like capacity and familiar with such matters would use." 29 U.S.C. §1104(a)(1)(B).

60. Here, Defendants, did not take minimal steps to meet their fiduciary duties under ERISA. Defendants, as noted above, have not complied with basic disclosure requirements under ERISA. And, while Defendants had ultimate control over Plan accounts and disbursements, they only sporadically and irregularly ordered full payment of the retirement benefits required by the Plan. Defendants only issued full payment of retirement benefits to its favored employees or company officers, namely Rick Rinehart and Doug Seward, instead of applying the terms of the Plan to all employees.

61. In fact, since the inception of the Plan, Defendants have failed to contribute ten percent of each employee's gross wages into each employee's respective retirement fund, as contractually promised by Defendants to the employees in the Employee Handbook. And, Defendants have failed to contribute at least $1.2 million owed to the retirement funds of Plaintiffs pursuant to the terms of the Plan in the Employee Handbook.

62. In July 2018, a number of the Plaintiffs demanded, in writing, that Defendants properly fund their retirement accounts in the manner and amount required by the Retirement Benefits section of the Employee Handbook. Defendants have never responded to that demand.

63. As ERISA fiduciaries, therefore, with all attendant fiduciary obligations, Defendants were required as a matter of law to manage and operate the retirement accounts at issue in accordance with the express terms of the "Retirement Benefits" provision included in the Employee Handbook, for the sole purpose of providing retirement benefits to the employees and former employees of Defendants, including the plaintiffs and to manage and operate the

retirement accounts at issue with the care, skill, prudence and diligence of a prudent man acting in a like capacity and familiar with such matters. Defendants did not.

64.  Defendants failed to comply with their fiduciary duties of prudence and loyalty, and, in particular, have mismanaged the retirement accounts at issue with the sole intent of evading their obligations under ERISA. This includes failing to fund the retirement accounts in the manner and in the amounts expressly required by the Plan, for the specific goal of retaining those amounts for Defendants.

65.  Among other violations and breaches, Defendants have failed to manage the retirement accounts of Plaintiffs for the exclusive purpose of providing benefits to Plan participants. In fact, Defendants have engaged in conduct intended to *prevent* the provision of benefits to Plaintiffs. Defendants have breached their duty of loyalty to Plaintiffs in this respect.

66.  Furthermore, Defendants have breached their owed fiduciary duty of prudence to Plaintiffs. Defendants failed to manage and invest the Plan's assets with the care, skill, prudence and diligence required of them by ERISA. In particular, a prudent individual serving in the capacity of Defendants would not have failed to fully fund the retirement accounts at issue, as Defendants have failed and continue to fail to do. A prudent individual would have instead ensured that all the retirement accounts were fully funded and properly invested, contrary to the actions of Defendants.

67.  What is more, Defendants, by failing to contribute funding to the Plaintiffs' retirement accounts in the manner required by the written terms of the Plan, have failed to comply with the documents and instruments governing the Plan.

68.  Due to the breaches of ERISA fiduciary duty by Defendants, Plaintiffs have been deprived of at least $1.2 million in contractually mandated contributions to their respective

retirement accounts as well as years of lost earnings and interest. Plaintiffs have lost both past earnings on the missing contributions as well as future earnings on such contributions. These significant monetary losses are the direct result of Defendants' breaches of fiduciary duty.

69. The Defendants' conduct, described above, has violated, and continues to violate, these sub-sections of ERISA that govern the behavior of a fiduciary.

70. Pursuant to ERISA §§502(a)(2) and (a)(3), and 409(a), 29 U.S.C. §§1132(a)(2) and (a)(3), and 1109(a), Defendant Packer is liable to disgorge all profits made as a result of Defendants' breaches of fiduciary duty and is personally liable for the monetary losses attributable to Defendants' breaches of fiduciary duty.

71. Pursuant to the terms of the Plan, Plaintiffs are entitled to retirement benefits in the amount set forth in the Retirement Benefits section of the Employee Handbook, without regard to whether or not Defendants have committed breaches of fiduciary duty. Benefits owed under the Plan are due to them because the Plan is a contractual undertaking that is enforceable under ERISA. Defendants are liable for the amounts missing from the retirement accounts of the Plaintiffs, and any corresponding earnings on the missing amounts, for this reason as well.

### Count I

### (Claim for Denial of Benefits, to Enforce Rights and Clarify Rights Under ERISA §502(a)(1)(B))

72. Plaintiffs incorporate and re-allege the foregoing paragraphs by reference as though fully set forth herein.

73. Plaintiffs bring this Count I pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), which allows a participant to bring claims to recover benefits due under a plan, to

enforce her rights under the terms of the plan, or to "clarify his [or her] rights to future benefits under the terms of the plan."

74. Plaintiffs are entitled to an order requiring Defendants to fully fund and pay the retirement benefits owed Plaintiffs under the terms of the Plan.

## Count II

### (Claim for Breach of Fiduciary Duty Under ERISA §§404, 409 and 502(a)(2))

75. Plaintiffs incorporate and re-allege the foregoing paragraphs by reference as though fully set forth herein.

76. Plaintiffs bring this Count II pursuant to ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), which allows a participant to bring claims for appropriate relief for violation of the fiduciary duties imposed by ERISA in ERISA §§ 404 and 409, 29 U.S.C. §§ 1104, 1109.

77. Pursuant to ERISA §409, 29 U.S.C. § 1109, "Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable" to make good any such losses.

78. ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), provides in pertinent part that a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and:

    (a)    for the exclusive purpose of: providing benefits to participants and beneficiaries; and defraying reasonable expenses of administering the plan;

    (b)    with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims . . . [and]

    (c)    in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this [title I of ERISA] and title IV.

79. Defendants' actions have violated the obligations imposed on them by ERISA § 404, 29 U.S.C. § 1104.

80. As fiduciaries with respect to the Plan, Defendants have violated their fiduciary duties by the conduct described in the paragraphs above. Such conduct has caused significant losses to the Plan and the plaintiffs, and Defendants are personally liable for the losses caused by these breaches and violations.

### Count III

**(Claim for Equitable Relief pursuant to 29 U.S.C. § 502(a)(3) Against All Defendants)**

81. Plaintiffs incorporate and re-allege the foregoing paragraphs by reference as though fully set forth herein.

82. ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), provides that "A civil action may be brought . . . by a . . . participant [or] beneficiary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."

83. Pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), Defendants must disgorge, or be surcharged, for the value of the retirement benefits owed under the Plan that have been wrongfully retained by them.

### Count IV

**(In the Alternative, for Breach of Contract)**

87. Plaintiffs incorporate and re-allege the foregoing paragraphs by reference as though fully set forth herein.

88. Should the Court conclude that the Plan is not subject to ERISA, then, in the alternative, Defendants, by their conduct described above, have committed breaches of contract.

89. Defendants are liable for breach of contract and must be ordered to pay all sums that should have been paid into plaintiffs' retirement accounts and all lost earnings due to Defendants' failure to timely due so.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

a. Order Defendants to pay the retirement benefits owed under the Plan;

b. Order that Defendants are fiduciaries of the Plan;

c. Order that Defendants have breached their fiduciary duties and are personally liable for all losses arising from those breaches;

d. Order Defendants to pay Plaintiffs all losses attributable to Defendants' breaches of fiduciary duty;

e. Impose a surcharge, or other form of appropriate equitable relief, on the Defendants requiring them to disgorge to Plaintiffs the value of the missing retirement benefits due under the Plan;

f. Award attorney's fees, costs and expenses of this litigation, under ERISA;

g. In the alternative, should the Court find that the retirement plan and the instant action are not governed by ERISA, order that Defendants have committed breach of contract and award all losses incurred by the plaintiffs as a result of those breaches of contract; and

h. Award all such other relief as this Court deems appropriate.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

                Respectfully submitted,

                The Plaintiffs,
                By their Attorneys,

Dated: April 9, 2019        /s/ Stephen D. Rosenberg
                Stephen D. Rosenberg, Esq. (BBO# 558415)
                Jordan D. Mamorsky, Esq.
                Caroline M. Fiore, Esq. (BBO# 558088)
                **The Wagner Law Group**
                99 Summer Street, 13th floor
                Boston, MA  02110
                Tel:  (617) 357-5200
                Fax:  (617) 357-5250
                Email: srosenberg@wagnerlawgroup.com
                Email: jmamorsky@wagnerlawgroup.com
                Email: cfiore@wagnerlawgroup.com