UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 19-CV-10686-RWZ

PETER HOFFMAN, et al.

v.

RALPH M. PACKER and R.M. PACKER CO., INC.

## MEMORANDUM AND ORDER

July 13, 2021

ZOBEL, S.D.J.

Plaintiffs commenced this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et. seq., to recover their benefits under the terms of defendant R.M. Packer Co., Inc.'s retirement plan. Defendants failed to respond to the complaint. Plaintiffs moved for a default judgment, (Docket # 9), which the court initially denied because it was unsupported by any evidence of the amount each plaintiff was owed, (Docket # 11). After conducting limited discovery on that issue, plaintiffs provided evidence to the court in renewed motions for default as to each plaintiff, (Docket ## 17–18), which the court allowed. It then entered a separate judgment for each plaintiff. (Docket ## 29–49). The matter is before me now on plaintiffs' unopposed motion for attorneys' fees in the total amount of $500,658.50 and $960.01 in costs. (Docket # 50).

"ERISA's attorney's fee provision allows a court in its discretion to award reasonable attorney's fees in benefits proceedings." Gross v. Sun Life Assurance Co.

1

of Can., 880 F.3d 1, 22 (1st Cir. 2018) (citing 29 U.S.C. § 1132(g)(1)); see Alcott HR Grp., LLC v. Gozdziak, No. 20-cv-00180, 2020 U.S. Dist. LEXIS 241979, at *5 (W.D.N.Y. Dec. 23, 2020) (allowing an award of attorneys' fees under § 1132(g)(1) after default judgment because plaintiff obtained the relief it sought). Under First Circuit precedent, courts consider five factors when reviewing ERISA fee requests:

> (1) [t]he degree of culpability or bad faith attributable to the losing party;
> (2) the depth of the losing party's pocket, i.e., his or her capacity to pay an award;
> (3) the extent (if at all) to which such an award would deter other persons acting under similar circumstances;
> (4) the benefit (if any) that the successful suit confers on plan participants or beneficiaries generally; and
> (5) the relative merit of the parties' positions.

Doe v. Harvard Pilgrim Health Care, Inc., 974 F.3d 69, 76 (1st Cir. 2020) (quoting Cottrill v. Sparrow, Johnson & Ursillo, Inc., 100 F.3d 220, 225 (1st Cir. 1996)). No single factor is determinative, nor must courts consider every factor. Gross v. Sun Life Assurance Co., 763 F.3d 73, 83 (1st Cir. 2014).

Defendants' failure to respond to the complaint or meaningfully engage in this litigation has handicapped the court's ability to determine whether defendants acted in bad faith or were merely negligent. Nevertheless, plaintiffs have demonstrated that defendants are capable of paying an award, and the evidence provided by plaintiffs supports the benefit conferred on them through the judgments the court entered in their favor. In addition, deterrence—"motivating fiduciaries to comply more attentively with the procedural obligations imposed by ERISA"—weighs in plaintiffs' favor. Hatfield v. Blue Cross & Blue Shield of Mass., Inc., 162 F. Supp. 3d 24, 45 (D. Mass. 2016). On balance, plaintiffs are entitled to recover their fees.

In ERISA cases, courts apply the lodestar approach to determine a reasonable fee award. Gross, 880 F.3d at 22. This requires multiplying a reasonable hourly rate by a reasonable number of hours spent by counsel for the prevailing party. Matalon v. Hynnes, 806 F.3d 627, 638 (1st Cir. 2015).

The rates for each of the attorneys who worked on this case, all experienced in ERISA matters, are reasonable and supported by affidavit. (Docket # 50-2).

The only issue remaining is the reasonableness of the hours expended given the litigational history of the case. Plaintiffs secured the individual judgments without any opposition by defendants. The case did not proceed through full discovery, dispositive motions, or trial.[1] "[A] district court may deem an expenditure of time unreasonable if the reported hours are 'excessive, redundant, or otherwise unnecessary.'" Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331, 336 (1st Cir. 2008) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). Although counsel had to review each plaintiff's account at Prudential Financial ("Prudential"), the investment manager for the retirement plan, given the limited litigation, plaintiffs' request for an award for 968 hours of work—$500,658.50 in fees—is excessive for a case that ended with default judgments. See Gross v. Sun Life Assurance Co., 105 F. Supp. 3d 130, 136 (D. Mass. 2015) (noting that plaintiff's counsel billed 556 hours in an ERISA case that went through full discovery and summary judgment), aff'd in part, 880 F.3d at 25–26.

For example, plaintiffs seek fees for 160 hours researching and drafting an eighteen-page complaint and 391.4 hours spent researching and drafting their second motion for default that involved the individual accounts and judgments for each plaintiff.

---

[1] Defendants ultimately filed motions to set aside the default and the judgments (Docket ## 21, 51), which plaintiffs opposed, and the court denied without a hearing.

Time spent on each of these filings is well in excess of what would be considered reasonable for more complex filings. See Gross, 880 F.3d at 25 (affirming a finding that 111 hours spent on a summary judgment motion was excessive). Plaintiffs also seek fees for 172.5 hours spent on discovery and review of the materials provided by Prudential, which amounts to over 8 hours per plaintiff. Yet after reviewing materials for the first few plaintiffs, counsel might have experienced efficiencies ascertaining amounts due to the remaining plaintiffs.

"It is well established that . . . a court may make its own estimate of a proper fee without parsing the request line by line . . . ." Jones v. Walgreen Co., No. 09-cv-30004, 2012 U.S. Dist. LEXIS 22592, at *8 (D. Mass. Feb. 23, 2012). Given the reasons above, plaintiffs' request is allowed to the amount of $250,500.00.

Plaintiffs also request $960.01 in costs for filing fees and service of process on defendants. See 29 U.S.C. § 1132(g)(1) (stating that "the court in its discretion may allow . . . costs of action"). The claimed amounts are reasonable and are allowed in full.

The motion for fees (Docket # 50) is ALLOWED. Plaintiffs are awarded $250,500.00 in fees and $960.01 in costs, for a total award of $251,460.01.

   July 13, 2021
       DATE
                                                   RYA W. ZOBEL
                                      UNITED STATES DISTRICT JUDGE